UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIM BERTLING, ELYSE BERTLING,

Plaintiffs,

v.

Case No. 2:26-cv-2471-KCD-NPM

JAMES G. RESKE, SUSAN E. RESKE,

Defendants,
_______________________________/

# ORDER

Plaintiffs Jim and Elyse Bertling are locked in a bitter dispute with their neighbors, Defendants James and Susan Reske. According to the complaint, Defendants have mounted a surveillance camera that peers over a privacy hedge and into Plaintiffs' pool area. Plaintiffs have sued for invasion of privacy, nuisance, trespass, and violations of state and federal surveillance laws. (Doc. 1.)

Plaintiffs now seek a preliminary injunction to stop Defendants from using the security camera. (Doc. 12.) But on the docket, counsel filed the request as a "time-sensitive motion for Temporary Restraining Order." (*Id.*) That label matters. A TRO is an ex parte remedy. It exists for those rare moments when providing notice to the opposing side would invite injury, or when the harm is so imminent there is no time for further briefing. *See* Fed.

R. Civ. P. 65(b). But here, Defendants have already appeared in the case, and their counsel was served with the motion itself. On these facts, an ex parte TRO is facially the wrong tool. *See Erazo v. Hardin*, No. 2:25-CV-891-KCD-DNF, 2025 WL 3492106, at *1 (M.D. Fla. Nov. 12, 2025).

Equally problematic, this is not an emergency, and Plaintiffs have failed to follow the basic rules for claiming one. Local Rule 3.01(f) requires that any motion seeking time-sensitive relief must include an introductory paragraph explaining the nature of the exigency and the day by which a ruling is requested. *Id.* Plaintiffs' motion does neither. They slapped a time-sensitive label on their filing but failed to explain why it requires immediate attention. Plaintiffs' failure to follow Rule 3.01(f) matters because when a party claims an emergency, like here, it forces the Court to divert immediate attention to the case.

Because Plaintiffs' motion is mischaracterized as a TRO and improperly designated as time-sensitive, it is procedurally defective. The Clerk is **DIRECTED TO STRIKE THE MOTION** (Doc. 12). Plaintiffs may refile their request as a standard motion for a preliminary injunction and in full compliance with the Local Rules.

**ORDERED** in Fort Myers, Florida on October 28, 2026.

Kyle C. Dudek
United States District Judge