UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIM BERTLING, ELYSE BERTLING,

Plaintiffs,

v.

Case No. 2:26-cv-2471-KCD-NPM

JAMES G. RESKE, SUSAN E. RESKE,

Defendants,

_______________________________/

## ORDER

Plaintiffs Jim and Elyse Bertling live next door to a vacant lot owned by Defendants Susan and James Reske. After the Bertlings' landscaping contractors allegedly cleared brush and dumped it on the empty lot, the Reskes installed a security camera to monitor their property. This lawsuit followed. (*See* Doc. 1.)[1]

The complaint maintains that the security camera is an unlawful invasion of the Bertlings' privacy. The "camera, which is at least 25-feet high, is positioned in such a manner to peer over the 6-foot hedge into the bedrooms, pool and deck area, the curtilage and inner parts . . . of [their] home[.]" (Doc. 1 ¶ 11.) To force the camera down and recover damages, the Bertlings raise a mix of claims: "Temporary Injunction" (Count I); "Invasion

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

of Privacy" (Count II); "Nuisance and Trespass" (Count III); "Damages and Injunctive Relief" (Count IV); and "Damages and Injunctive Relief Under State Law" (Count V).

The Bertlings now move for a preliminary injunction to enjoin the Reskes "from further maintaining a device on their vacant, undeveloped lot that intercepts, records, broadcasts, and stores Petitioners' private speech, activities, places, and persons, or otherwise electronically surveils, intercepts, broadcasts, stores, or distributes such speech, activities, places, or persons, of which the Petitioners have a reasonable expectation of privacy." (Doc. 14 at 1.) For the reasons below, their motion is **DENIED**.

## I. Legal Standard

A preliminary injunction is appropriate only where the movant shows: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see also Fla. Agency for Health Care Admin. v. Adm'r for Centers for Medicare & Medicaid Servs.*, 161 F.4th 765, 781 (11th Cir. 2025). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless

the movant clearly established the burden of persuasion as to each of the . . . prerequisites." *Siegel*, 234 F.3d at 1176.

Important here, injunctions are forward-looking. They exist to prevent future injury, not penalize past wrongs. *See Murthy v. Missouri*, 603 U.S. 43, 69 (2024). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). So a plaintiff seeking injunctive relief must show "there is a substantial likelihood that he will suffer injury in the future." *LaCroix v. Lee Cnty., Fla.*, 819 F. App'x 839, 841 (11th Cir. 2020). And "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).

## II. Discussion

The Bertlings' request for a preliminary injunction fails on the injury prong. Their theory of irreparable harm rests on a factual premise that the security camera sits twenty-five feet up a palm tree, peering over a privacy hedge and directly into their pool, lanai, and bedrooms. (Doc. 14 at 6-10.) So the Reskes "continue to intercept, collect, retain, broadcast, and record speech, activities, as well as electronically record images and video of the

Petitioners 24-hours a day, 7 days a week, . . . [which is] an invasion of privacy." (*Id.* at 9-10.)

To be sure, irreparable harm can arise from unreasonable surveillance of private property. *Jackman v. Cebrink-Swartz*, 334 So. 3d 653, 657 (Fla. Dist. Ct. App. 2021). Money damages are a poor substitute for a continuing loss of privacy. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) ("[T]he right of privacy must be carefully guarded for once an infringement has occurred it cannot be undone by monetary relief."). But a court cannot enjoin a privacy invasion that is no longer taking place.

Whatever height the camera was initially mounted at, the facts on the ground apparently changed months before this case was filed. After the Bertlings pushed for criminal charges, the Charlotte County Sheriff's Office investigated the site. The resulting police report confirms that by July 6, 2026, the Reskes had lowered the camera on the palm tree to approximately seven feet off the ground. (Doc. 17-2.) Most importantly, the deputy inspected the camera's new vantage point. He found that because it now sits below the Bertlings' privacy hedge, it "no longer has a view of any private areas of [their] pool or lanai." (*Id.*) As relocated, the device captures only the shared property line. (*Id.*)

The Reskes have every right to secure and monitor their land. And given the history of unauthorized trespassers (*See* Doc. 17-16), the decision to

install a camera that captures the property line is not an unlawful exercise. The legal boundary is crossed only when that surveillance peers into a neighbor's private space. *See Cobbs v. PetMed Express, Inc.*, No. 25-80458-CIV, 2026 WL 2234135, at *4 (S.D. Fla. July 31, 2026). To the point, the Bertlings maintain security cameras that overlook the same property line.

The Bertlings offer no evidence that the offending camera has been moved back up to view their house, nor anything to suggest the unlawful surveillance will return. As the record stands, the injury here resides in the past. That won't cut it for a preliminary injunction. *See Air Force Officer v. Austin*, No. 5:22-CV-00009-TES, 2024 WL 4476224, at *6 (M.D. Ga. Oct. 11, 2024) ("In the Eleventh Circuit, Plaintiffs must present some reasonable, non-speculative explanation that the allegedly unlawful action will happen again, and allegations of possible future injury are not sufficient.").

**ORDERED** in Fort Myers, Florida on November 13, 2026.

Kyle C. Dudek
United States District Judge